IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MANSOUR W. SAIKALY,                )
                                   )
       Petitioner,         )
                                   )
       v.                  )       Civil Action No. 06-73E
                                   )       JUDGE SEAN McLAUGHLIN
JAMES SHERMAN,                     )       MAGISTRATE JUDGE BAXTER
                                   )
       Respondents.        )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

       It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be dismissed.

**II.    REPORT**

       This is a petition filed pursuant to 28 U.S.C. §2241 by Petitioner who is a federal prisoner. In his petition, Petitioner challenges the August 2005 determination of a Disciplinary Hearing Officer at FCI-McKean and the October 1995 determination of a Disciplinary Hearing Officer at USP-Lewisburg. Petitioner seeks to have both incident reports expunged and to have his Good Conduct Time re-computed.

       A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980)(the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ

supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). A challenge to the fact or duration of a term of imprisonment is properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

As a general proposition "only matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). The warden of the institution where a petitioner is incarcerated at the time of the filing of the petition is the only proper respondent in a habeas corpus action. Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994); 28 U.S.C. § 2242. "There is generally only one proper respondent to a given prisoner's habeas petition." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("This custodian ... is 'the person' with the ability to produce the prisoner's body before the habeas court.").

Petitioner filed this petition for writ of habeas corpus on March 23, 2006. At the time of the filing, Petitioner was no longer incarcerated within this district, but had been transferred to USP Leavenworth, Kansas. Therefore, Warden James Sherman of FCI-McKean is not the proper respondent and this petition for writ of habeas corpus has been filed in the wrong district court. In the event that Petitioner wishes to pursue this challenge, he should file a petition for writ of habeas corpus in the district in which he is currently incarcerated naming his warden as the respondent.

Accordingly, this petition should be dismissed.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed due to lack of subject matter jurisdiction.[1]

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B)

---

[1] Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement of the AEDPA. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2006